NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YOSELIN CAROLINA MANSILLA-JIMENEZ; ASHLIN CELESTE VELASQUEZ MANSILLA; LEVI ANTONIO MANSILLA-JIMENEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1365

Agency Nos.
A213-019-811
A213-019-822
A213-019-813

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025**
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Petitioners Yoselin Carolina Mansilla-Jimenez and her minor children are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

natives and citizens of Guatemala.[1]  Petitioners seek review of the Board of Immigration Appeals' (BIA) decision to adopt and affirm the Immigration Judge's (IJ's) decision to deny all of Petitioners' claims for relief.

"Where the BIA affirms the IJ 'and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies.'" *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022) (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019)).  "We review legal questions *de novo*."  *Id.*  "We review the BIA's factual findings underlying its determination[s] that a petitioner failed to establish eligibility for asylum, withholding of removal, and protection under CAT for substantial evidence."  *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021).  Substantial evidence is a "highly deferential standard" and "we must accept the BIA's factual findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Salguero Sosa*, 55 F.4th at 1217–18 (internal quotations omitted).  We have jurisdiction under 8 U.S.C. § 1252 and we deny Mansilla-Jimenez's petition for review.

    1.  Petitioners fail to address the agency's independently dispositive finding

---

[1] The children seek asylum as derivative beneficiaries and do not seek relief or protection separate from her application.  They are not entitled to assert a derivative claim for statutory withholding of removal or protection under the Convention Against Torture (CAT).  Unless otherwise noted, references to Petitioner in the singular are to Mansilla-Jimenez as the lead Petitioner.

that Petitioners could relocate within Guatemala to avoid future persecution and that it would not be unreasonable for them to do so. *Hussain*, 985 F.3d at 649. Because Petitioners failed to show "that it would be unreasonable to expect [them] to relocate to avoid future persecution, [Petitioners] failed to provide evidence to compel reversal of the BIA's decision[] to deny asylum" or to compel reversal of the BIA's decision to deny Petitioner statutory withholding of removal. *Id.*

2. As for the CAT claim, substantial evidence supports the agency's finding that Petitioner did not meet her burden of proving that it was "more likely than not she will be tortured if returned to Guatemala." She presented insufficient evidence that she had been subjected to past torture or that the government of Guatemala was interested in torturing her or would acquiesce in such torture. *See Singh v. Garland*, 57 F.4th 643, 659 (9th Cir. 2023) (holding that substantial evidence supported denial of CAT relief where petitioner "could safely relocate within" home country and the country reports "demonstrated only a fear based on general, rather than individualized, conditions.").

3. "We 'will reverse the BIA's decision on due process grounds if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case.""" *Hussain*, 985 F.3d at 642 (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). The petitioner must also show "substantial prejudice." *Id*. (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). The BIA

did not violate the Petitioners' due process rights by adopting and affirming the IJ's decision. By citing its decision in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), it signified "that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc); *see also Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004) (rejecting argument that BIA's streamlined decision denied petitioner due process of law).

**PETITION DENIED.**